United States Courts
Southern District of Texas
FILED

*November 2, 2020*

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER: H-4:20-cr- |
| | § | |
| ASHLEY YEN NGUYEN, | § | 4:20-cr-534 |
| | § | |
| Defendant. | § | |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF TEXAS CHARGES THAT:

### COUNT ONE
### (False Statements in Tax Returns – 26 U.S.C. § 7206(1))

1.  During calendar years 2014 through 2019, Ashley Yen Nguyen of Houston, Texas, prepared and filed a materially false 2013 through 2018 tax returns with the Internal Revenue Service in which she knowingly, intentionally and willfully omitted income causing losses to the National Treasury in excess of $250,000.00 for that time period, and losses to the National Treasury in excess of $75,000.00 for the 2019 calendar year.

2.  Between on or about January 1, 2019, and on or about April 15, 2019, in the Houston Division of the Southern District of Texas,

**ASHLEY YEN NGUYEN,**

defendant herein, did willfully make and subscribe a U.S. Individual Income Tax Return, for the tax year 2018, which was verified by a written declaration that it was made under the penalties of perjury. **ASHLEY YEN NGUYEN** did not believe the return, which was filed with the Internal Revenue Service, to be true and correct as to every material matter in that the return failed to disclose that she was engaged in the operation of a business activity from which she derived gross

1

receipts or sales and received income. **ASHLEY YEN NGUYEN** then and there well knew that she was required by law and regulation to disclose the operation of this business activity, the gross receipts or sales she derived therefrom, and the income from the business activity.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO
### (Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(h))

1. Beginning no later than August 9, 2013, and continuing until in or about April 30, 2019, in the Houston Division of the Southern District of Texas, and elsewhere,

**ASHLEY YEN NGUYEN**

defendant herein, did knowingly and willfully combine, conspire, and agree with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

> to conduct or attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### A. The Objective of the Conspiracy

2. The objective of the conspiracy was to enrich the conspirators by concealing and disguising money obtained by a variety of fraud offenses.

### B. The Manner and Means of the Conspiracy

3. To achieve their objectives, known and unknown conspirators used the following manner and means, among others:

4. The conspirators created sham marriages in order to illegally obtain admission and immigrant status for aliens in the United States. A "sham" marriage is a marriage that is entered into for the primary purpose of circumventing the immigration laws.

5. The conspirators, including defendant **ASHLEY YEN NGUYEN**, submitted Form I-130 Petitions for Alien Relative ("I-130"), Form I-485 Applications to Register Permanent Residence or Adjust Status ("I-485"), Form I-751 Petitions to Remove Conditions on Residence ("I-751"), Form I-864 Affidavits of Support Under Section 213A of the INA ("I-864"), and Form I-129F Petitions for Alien Fiancé(e), and in so doing, the conspirators, including defendant **ASHLEY YEN NGUYEN** signed these forms under penalty of perjury and certify all of the information provided is complete, true, and correct.

## CRIMINAL CONSPIRACY

6. The conspirators, including defendant **ASHLEY YEN NGUYEN,** operated a large-scale marriage fraud scheme in which it created sham marriages in order to illegally obtain admission and immigrant status for aliens in the United States. The conspirators paired aliens seeking these immigration benefits with United States citizens, created sham marriages between them, and then filed false forms with USCIS in order to obtain these immigration benefits for the alien. The conspirators, including defendant **ASHLEY YEN NGUYEN,** received monetary payments from these aliens and paid the United States citizens a fee for their role in this conspiracy.

7. The marriages entered into through this criminal conspiracy were sham marriages in that, among other things:

    a. the spouses did not live together and did not intend to live together, contrary to documents and statements submitted to USCIS by the conspirators, which included defendant **ASHLEY YEN NGUYEN**;

  b. the spouses only met briefly, immediately before they obtained their marriage license, or not at all;

  c. the spouses entered into the marriage pursuant to the financial arrangement described herein; and

  d. the spouses entered into the marriage for the primary purpose of circumventing the immigration laws of the United States.

  8. Aliens who sought to obtain admission and immigrant status through a sham marriage arranged by the conspirators, including defendant **ASHLEY YEN NGUYEN,** are described below as "beneficiary spouses." In this criminal conspiracy, the beneficiary spouses were non-citizens either living in another country and are seeking admission to the United States, or are in the United States under some temporary non-immigrant status.

  9. The United States citizens who entered into sham marriages with these beneficiary spouses are described below as "petitioners."

  10. Each beneficiary spouse entered in an agreement, which is sometimes written, with defendant **ASHLEY YEN NGUYEN** and a company she does business as, in which the beneficiary spouse agreed to pay the conspirators, including defendant **ASHLEY YEN NGUYEN**, a total of up to between approximately $30,000 and $80,000 to obtain full lawful permanent resident status in the United States. These agreements were prorated such that the beneficiary spouse agreed to pay an additional amount for each immigration benefit they receive, including, but not limited to:

  a. admission into the United States;

  b. conditional permanent resident status, and

  c. full lawful permanent resident status.

11. Some of the conspirators, including defendant **ASHLEY YEN NGUYEN**, entered into sham marriages themselves as petitioners for beneficiary spouses.

12. Some conspirators, including defendant **ASHLEY YEN NGUYEN,** also recruited other United States citizens to act as petitioners in sham marriages. These petitioners received a portion of the proceeds the conspirators, including defendant **ASHLEY YEN NGUYEN,** received from the beneficiary spouses.

13. The conspirators, including defendant **ASHLEY YEN NGUYEN**, also employed individuals to be in charge of receiving the proceeds from the beneficiary spouses and disbursing the payments to the petitioners.

14. The conspirators, including defendant **ASHLEY YEN NGUYEN,** also employed individuals to act as guides for the United States citizen petitioners when they had to travel to Vietnam under the guise that the United States citizen would going to meet his/her fiancé, who, in truth, was a beneficiary spouse paying this criminal organization in order to circumvent United States law.

15. The conspirators, including defendant **ASHLEY YEN NGUYEN,** also prepared and provided to the petitioner and beneficiary spouse, fake wedding photographs to make it appear as if they had a wedding ceremony above and beyond a marriage at a courthouse.

16. The conspirators, including defendant **ASHLEY YEN NGUYEN,** also employed individuals to act as drivers to take petitioners and beneficiary spouses to their sham marriage ceremonies, appointments with immigration officials at USCIS, and meetings with immigration document preparers.

17. For the sham marriages involving non-citizens already in the United States, the conspirators, including defendant **ASHLEY YEN NGUYEN,** arranged for the filing with USCIS of false Forms I-130, I-485, and I-751.

18. For the sham marriages and potential sham marriages involving non-citizens abroad, the conspirators, including defendant **ASHLEY YEN NGUYEN,** arranged the filing of these false forms, as well as false Forms I-129F with USCIS, as well as false applications for non-immigrant B1/B2 tourist visas in which the beneficiary spouse would claim that he/she is seeking to come to the United States for a temporary period as a tourist, but, in truth, was seeking to come to engage in an aforementioned sham marriage.

19. The conspirators, including defendant **ASHLEY YEN NGUYEN**, also provided false tax, utility, and employment information, and false documentation in support thereof, in order for USCIS to approve the false immigration forms.

20. When the co-conspirators, including defendant **ASHLEY YEN NGUYEN**, fraudulently obtained money from this scheme in the form of U.S. currency, it was deposited into bank accounts to make it appear as if it were legitimate proceeds of companies in which name the co-conspirators did business.

21. Additionally, co-conspirators, including defendant **ASHLEY YEN NGUYEN**, purchased real property in the names of various co-conspirators and entities with no legitimate operations using certified funds and wire transfers traceable to proceeds of the fraudulent scheme. Such financial transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the fraud scheme.

All in violation of 18 U.S.C. § 1956(h).

## NOTICE OF CRIMINAL FORFEITURE
### (Title 18, United States Code, Section 982(a)(l))

Pursuant to Title 18, United States Code, Section 982(a)(l), the United States gives notice to the defendant that in the event of conviction of the offense charged in Count Two of this Information, all property, real or personal, involved in money laundering or traceable to such property is subject to forfeiture.

### Money Judgment and Substitute Assets

The United States gives notice that it will seek a money judgment against the defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendant up to the amount of the money judgment.

RYAN K. PATRICK
UNITED STATES ATTORNEY

By:

*[signature]*

Adam Laurence Goldman
Assistant United States Attorney